### 6286.   CREWS v. THE STATE.

RUSSELL, C. J.   1. Construing the evidence with the defendant's statement at the trial, a charge upon the law of voluntary manslaughter was authorized; and the trial judge did not err in the instructions given upon that subject.

2. The exception to the failure of the court to charge on the subject of the character of the deceased for violence can not be considered, since the reference to the character of the deceased was contained only in the defendant's statement, and there was no request for instructions on the point.

3. The errors of which complaint is made in the 6th, 7th, and 8th grounds of the amendment to the motion for a new trial were not of sufficient materiality to have required the grant of a new trial.

4. The court did not err in permitting the State's counsel, on cross-examination, to inquire into the extent of the witness's knowledge of the character of the deceased for violence, as testified to by him upon direct examination.

5. The evidence authorized the verdict, which was approved by the trial judge, and the exercise of his discretion in refusing a new trial will not be disturbed.                                   *Judgment affirmed.*

DECIDED JANUARY 11, 1916.

Conviction of manslaughter; from Pierce superior court—Judge Quincey.   December 29, 1914.

*S. F. Memory, James R. Thomas,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.

---

### 6311.   STOCKS v. BELL COAL AND MINING COMPANY.

BROYLES, J.   The evidence authorized the verdict, no material error of law appears, and the appellate division of the municipal court of Atlanta did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED JANUARY 11, 1916.

Complaint; from municipal court of Atlanta.   January 6, 1915.

*Lamar Hill,* for plaintiff in error.

*Anderson, Slate & D'Orr,* contra.